UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

                                            Case Number 08-20517-BC
                                            Honorable Thomas L. Ludington

D-1 DAVID TINOCO,
D-2 ERIK DAVID NEVAREZ,
D-7 LUIS VIZCARRA,

      Defendants.

_____/

**ORDER DENYING MOTION TO DISMISS INDICTMENT**

On October 1, 2008, the following seven defendants were indicted on one count of conspiracy to manufacture more than 1,000 marijuana plants: David Tinoco, Erik David Nevarez, Agustin Morales-Perez, Fernando Ruelas-Tapia, Rodrigo Farias-Zuniga, Enrique Farias-Valencia, and Luis Vizcarra. As of today, only Defendants Tinoco, Nevarez, and Vizcarra have not entered guilty pleas. Now before the Court is Defendants' motion to dismiss the indictment [Dkt. # 62], to which the government filed a response [Dkt. # 73], and Defendants were provided an opportunity to provide supplemental briefing [Dkt. # 103]. The Court has reviewed the parties' submissions of record and finds that the facts and the law have been sufficiently set forth in the papers.

I

On September 17, 2008, police officers allegedly located a four-thousand plant marijuana grow operation within the Au Sable State Forest. Nearby, police officers located a camp site with clothing, sleeping bags, blankets, cultivation equipment, tents, tarps, food, pots, pans, and other cooking equipment. At that time, numerous individuals were located at the operation, while three

individuals were apprehended and others fled on foot. Defendant Morales-Perez was an individual found sitting in a chair at the camp site. The same day, three suspects were located nearby. A possible seventh suspect, had also fled, but was not located by law enforcement that day. Police officers later identified the seventh suspect as Vizcarra.

The government represents that during the investigation of this case, law enforcement "identified, counted, and photographed 4,011 marijuana plants." Subsequently, law enforcement destroyed all but 260 of the plants due to their large volume. The Michigan State Police Forensic Science Division tested 210 of the plants and determined that all 210 were marijuana plants. With respect to the equipment and personal items located at the camp site, the government represents that these items were detailed in the officers' reports and photographed. Some items were preserved, but others were destroyed due to the large number of items.

II

Defendants contend that the indictment should be dismissed because the government destroyed material exculpatory evidence in violation of their due process rights. Defendants also contend that, if convicted, they will be prejudiced at sentencing because the correct number of marijuana plants cannot be independently verified, thereby preventing an accurate determination of the base offense level. In response, the government contends that the evidence was only potentially exculpatory and that Defendants cannot show that the police officers acted in bad faith, as required to demonstrate a due process violation.

First, Defendants contend that because the government has only retained and made available to Defendants 260 marijuana plants, they have been denied the opportunity to count and test the 740 additional plants contemplated by the indictment. Defendants contend that the photographs

available do not allow for an accurate count of the number and type of plants. They contend that testing of the plants would have allowed them to determine the THC content of the plants, which would implicate whether the plants were in fact illegal marijuana. They also contend that they could have tested the plants to determine whether they were all of the same type and quality, which could be material to a determination of whether all of the plants were grown by the same individuals. Second, Defendants contend that because the government did not retain the evidentiary material found at the camp site, they have been denied the opportunity to physically inspect and test the bedding, shoes, cooking utensils, and other camping equipment for purposes of determining who was staying at the camp, who the clothing belonged to or fit, and other similar questions that may have been raised by a physical inspection of the equipment. Defendants note that law enforcement destroyed the plants and equipment after consulting with a U.S. Attorney.

Defendants rely on *California v. Trombetta*, 467 U.S. 479, 485 (1984), and *Brady v. Maryland*, 373 U.S. 83, 87 (1963) for the proposition that "the suppression of material exculpatory evidence violates a defendant's due process rights, irrespective of the good faith or bad faith of the prosecution." Dfts.' Br. [Dkt. # 62, p. 4 of 5]. Indeed, under *Brady*, "the good or bad faith of the State [is] irrelevant when the State fails to disclose to the defendant material exculpatory evidence." *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988).

In response, the government acknowledges that the government's failure to preserve "material exculpatory evidence" would violate a defendant's due process rights. The government, however, disputes the characterization of the evidence destroyed as "material exculpatory evidence." The government explains that to be material and exculpatory, the "evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that

the defendant would be unable to obtain comparable evidence by other reasonably available means." *Trombetta*, 487 U.S. at 489. The government emphasizes that due process does not impose on the government "an undifferentiated and absolute duty to retain and to preserve all material that might be of conceivable evidentiary significance in a particular prosecution." *Youngblood*, 488 U.S. at 58.

Continuing, the government notes that "the failure of the State to preserve evidentiary material of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant," is treated differently for the purposes of due process than the failure to preserve "material exculpatory evidence." *Id.* (describing "potentially exculpatory" evidence). When potentially exculpatory evidence is at issue, a defendant must be able to "show bad faith on the part of the police" to demonstrate a denial of due process. *Id.* (noting that bad faith is demonstrated where "the police themselves by their conduct indicate that the evidence could form a basis for exonerating the defendant"); *Illinois v. Fisher*, 540 U.S. 544, 547-48 (2004) (applying *Youngblood* to the facts of the case). The bad faith requirement is not satisfied "where the government is negligent, even grossly negligent, in failing to preserve potential exculpatory evidence." *United States v. Wright*, 260 F.3d 568, 571 (6th Cir. 2001).

The government contends that destroyed controlled substances are merely potentially exculpatory evidence when the defendant seeks to have the substances retested or recounted. The government cites the following legal authority: *Fisher*, 540 U.S. at 548 (evidence was merely potentially exculpatory when government testing indicated that the controlled substance was cocaine, even though "an additional test might have provided the defendant with an opportunity to show that the police tests were mistaken"); *United States v. Allen*, 954 F.2d 1160, 1168-69 (6th Cir. 1992) (finding no due process violation when two officers testified that they had counted 122

marijuana plants, a co-defendant testified that he had counted 82 plants after a heavy rain storm had washed away many of the plants, the defendant testified that he had initially planted 140 plants, and the defendant had not alleged any bad faith on the part of the police officers); *United States v. Newton*, 937 F.2d 609 (table), 1991 WL 134571, *1-2 (6th Cir. July 23, 1991) (finding no due process violation when state officials performed tests on "some" of the plants, "the only exculpatory value to the plants would be the opportunity to recount them," and the defendant could have utilized the photographs of the plants to demonstrate that there were fewer than 1,000; and finding no evidence of bad faith when at the time that a portion of the over 1,000 marijuana plants were destroyed, a federal, as opposed to state, prosecution was not foreseen).

The government contends that because the evidence was only potentially exculpatory, Defendants must show bad faith on the part of the police officers in order to demonstrate a denial of due process. The government represents that during the investigation of this case, law enforcement "identified, counted, and photographed 4,011 marijuana plants." Subsequently, the government destroyed all but 260 of the plants due to the large volume of the plants. With respect to the equipment and personal items located at the camp site, the government represents that these items were detailed in the officers' reports and photographed. Some items were preserved, but others were destroyed due to the large number of items. The government contends that this does not show bad faith on the part of law enforcement.

In this case, the evidentiary material destroyed by law enforcement is properly characterized as "potentially exculpatory" evidence rather than "material exculpatory" evidence. Despite Defendants' contentions to the contrary, the exculpatory value of plants in excess of the 260 that were preserved, or of the camping equipment and other supplies found at the site, would not have

been apparent before the evidence was destroyed. Additionally, Defendants have not alleged any bad faith on the part of the police officers who destroyed the marijuana plants or the evidentiary material found at the camping site. While a federal prosecution was presumably contemplated when law enforcement contacted a U.S. Attorney before destroying the evidentiary material, this fact alone does not show bad faith. Thus, the Court will deny Defendants' motion to dismiss the indictment.

III

Accordingly, it is **ORDERED** that Defendants' motion to dismiss the indictment [Dkt. # 62] is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 21, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 21, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS